IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRE D. BOYD, ET AL. | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv012 |
| TDCJ | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Co-Plaintiffs Andre D. Boyd, #02389935Norris Hicks, #00505593, Dennis Mayes, #2062242, Bernard Williams, #732837, Terrance L. Jackson, #803070, Charlie Evans, #1393843, Anthony Moore, #779171, Richard Hartsfield, #1906378, David King, #2349704, Gilbert Rodriguez, #1431957, Gerald Wayne Clay, ##262547, Charmus F. Gains, #1812321, Vernon Wheeler, #620342, Edward Wade, #1227431, Chris Petty, #2307644, Raefel Garza, #01181215, Charles Griffith, #1822007, Troy Don Young, #2228636, Shawn Houston, #779479, Adrian Wilson, #1435521, Leroy Thompson, #01847368, Dejuan Mclemore, #01981623, Timothy Gregg, #02066177, Jimmy Babineaux, #01842604, Justin Pierce Coleman, #02190306, inmates confined in Coffield Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 10, 2023, the Court issued a Deficiency Order (Dkt. #3). The Order instructed each of the twenty-five co-plaintiffs to submit a completed application to proceed *in forma pauperis* and a properly certified *in forma pauperis* data sheet on or before July 30, 2020. The

1

Prison Litigation Reform Act of 1996 ("PLRA") requires prisoners seeking to bring civil actions to either pay the filing fee in full or pay an initial partial filing fee. The Act further requires prisoners thereafter to pay the balance of the full filing fee ($402, with $52 waived upon grant of *in forma pauperis* status). The same is true for each prisoner-plaintiff who files a complaint jointly. *See Bouribone v. Berge*, 391 F.3d 852, 854-76 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *Powers v. Clay*, civil action no. V-11-051, 2011 U.S. Dist. LEXIS 141531, 2011 WL 6130929 (S.D. Tex. Dec. 8, 2011).

The Court informed the co-plaintiffs that once the full filing fee or a motion for leave to proceed *in forma pauperis* had been received from a plaintiff, the lawsuit would be severed into separate causes of action with an individual case number for each plaintiff that wished to proceed. The Court further stated in its January 10, 2023 Order, that any plaintiff who did not respond or who does not wish to proceed would be dismissed from the lawsuit without prejudice. (Dkt. #2, p. 3). The plaintiffs were warned that the failure to comply with the order may result in the dismissal of the case as against any non-complying plaintiff. (*Id.*).

Co-Plaintiffs Hicks, Mayes, Williams, Jackson, Evans, Moore, Hartsfield, Rodriguez, Clay, Gains, Wheeler, Wade, Petty, Griffith, Young, Houston, Wilson, Thompson, Mclemore, Gregg, Babineaux, and Coleman have not submitted an application to proceed *in forma pauperis*, or the requisite *in forma pauperis* data sheet. Plaintiffs have not been in contact with the Court. They have not complied with the order of the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); FED. R. CIV. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed

to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiffs Hicks, Mayes, Williams, Jackson, Evans, Moore, Hartsfield, Rodriguez, Clay, Gains, Wheeler, Wade, Petty, Griffith, Young, Houston, Wilson, Thompson, Mclemore, Gregg, Babineaux, and Coleman have not complied with the Court's order; thus, Plaintiffs and their claims should be dismissed from this lawsuit.

## Recommendation

It is therefore recommended that Plaintiff Hicks, Mayes, Williams, Jackson, Evans, Moore, Hartsfield, Rodriguez, Clay, Gains, Wheeler, Wade, Petty, Griffith, Young, Houston, Wilson, Thompson, Mclemore, Gregg, Babineaux, and Coleman and their claims should be dismissed without prejudice for want of prosecution and failure to obey an order, FED. R. CIV. P. 41(b), from this lawsuit. Until further order of the Court, the remaining plaintiffs are Rosfel Garza, David King, and Andre G. Boyd.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 9th day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE