IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRE D. BOYD, ET AL, <br> (David King, #2349704) | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv012 |
| TDCJ | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff David King, one of twenty-five inmates confined in the Coffield Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiffs filed their original complaint on January 5, 2023. On January 10, 2023, the Court issued a Deficiency Order (Dkt. #2). Plaintiff King was given thirty days from the receipt of the Order to submit either the $402.00 filing fee or a completed application to proceed *in forma pauperis* and a properly certified *in forma pauperis* data sheet. Plaintiff King was warned that the lawsuit may be dismissed if he did not comply with the Order.

The Order (Dkt. #2) was returned to the Court with the notations: "discharged," "undeliverable," "return to sender," and "unable to forward." (Dkt. #32). The notation of "discharged" indicates that Plaintiff is no longer confined in the Texas prison system. A review of the Texas Department of Criminal Justice's website reflects that Plaintiff King is no longer listed

1

as an inmate. *See* https://inmate.tdcj.texas.gov/InmateSearch/search.action, last visited Mar. 9, 2023. Plaintiff did not submit a change of address to the Court. On the second page of Plaintiff's original complaint, under "Change of Address," Plaintiff was informed that the "[f]ailure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." (Dkt. #1, p. 2). This requirement is also memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (*i.e.*, a P.O. Box is not acceptable) and is responsible for keeping the clerk advised in writing of the current physical address." As of today, Plaintiff has not provided the Court with a new address.

Plaintiff has not paid the filing fee nor submitted an application to proceed *in forma pauperis*, or the requisite *in forma pauperis* data sheet. He has not filed a notice of change of address. Plaintiff has not been in contact with the Court. He has not complied with the orders of the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); FED. R. CIV. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion*

*Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not complied with the Court's orders; thus, the lawsuit should be dismissed.

## Recommendation

It is therefore recommended that Plaintiff King and his claims be dismissed without prejudice for want of prosecution and failure to obey an order. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of March, 2023.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE